IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBIN McDANIELS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-19-1134-D |
| ) | |
| WILLIAM P. BARR, Attorney General, ) | |
| Department of Justice (Federal Bureau of ) | |
| Prisons), Agency, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff, appearing *pro se*, initiated this action on December 4, 2019 [Doc. No. 1], claiming race and gender discrimination and hostile work environment in violation of Title VII and the Americans with Disabilities Act. The issue before the Court is Plaintiff's failure to effect service under FED. R. CIV. P. 4. Plaintiff's pleadings are liberally construed.

## BACKGROUND

The record reflects that on December 4, 2019, Plaintiff filed her "*Pro Se* Litigant's Request for Issuance of Summons" [Doc. No. 3], requesting that summons be issued for Defendant William P. Barr, Attorney General, and showing the address for service as the Federal Bureau of Prisons Federal Transfer Center in Oklahoma City, Oklahoma. The summons was issued and returned to Plaintiff for service on January 22, 2020 [Doc. No. 10]. On February 6, 2020, Plaintiff attempted to serve Defendant via certified mail [Doc. No. 11]. The return receipt indicates that an agent at the Federal Transfer Center in

Oklahoma City, Oklahoma, signed for the mail. *Id.* A copy of the return receipt was filed with the Court on March 18, 2020. *Id.* However, Plaintiff failed to attach a copy of an executed summons for Defendant.[1] Further, the filed return receipt does not indicate what was mailed to Defendant.

On June 10, 2020, the Court entered an order [Doc. No. 12] directing Plaintiff to show cause by June 24, 2020, why the action should not be dismissed for failure to effect service of process within ninety days after filing the complaint. The Court advised Plaintiff that her attempt to serve Defendant by serving an agent at the Federal Transfer Center in Oklahoma City was not effective service under FED. R. CIV. P. 4. *Id.* at 2. Additionally, the Court advised Plaintiff that she must deliver a copy of the summons and the complaint to the United States Attorney for the district in which the suit is brought, and send a copy of the summons and the complaint by registered or certified mail to Defendant at his office in Washington, D.C., in accordance with FED. R. CIV. P. 4(i). *Id.* at 1–2.

On June 19, 2020, Plaintiff asked the Court for an extension of time to serve Defendant. [Doc. No. 13]. Plaintiff did not cite any reason for the delay. On June 25, 2020, the Court found that a permissive extension of time was warranted, and extended the time for service until July 9, 2020. [Doc. No. 14].

In response, Plaintiff filed a return receipt indicating that someone at Defendant's office in Washington, D.C., had signed for the mail on June 22, 2020. [Doc. No. 15]. Again, Plaintiff failed to attach a copy of an executed summons for Defendant, pursuant to

---

[1] "Unless service is waived, proof of service must be made to the court." FED. R. CIV. P. 4(l)(1). "[P]roof must be by the server's affidavit." *Id.*

FED. R. CIV. P. 4(l)(1). Further, the filed return receipt does not indicate what was mailed to Defendant on June 22, 2020.

## DISCUSSION

More than 230 days have passed since this action was filed, and Plaintiff has failed to establish that she has effected service in this case. Plaintiff has not shown that she has served the United States Attorney for this district, nor has she filed proof of service that Defendant was served properly, effectively, and timely at his office in Washington, D.C. In addition, Plaintiff has not advanced *any* argument that there is good cause for her failure; thus, another extension of time is not required. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). Nevertheless, the Court must still consider whether a permissive extension of time to serve Defendant is warranted. *Id*. at 841–42. In determining whether another permissive extension is warranted, the Court has considered the factors identified in *Espinoza*. *Id*.

Plaintiff indicates that she received her right-to-sue letter from the Equal Employment Opportunity Commission on September 4, 2019 [Doc. No. 1 at 14]. Title VII requires a plaintiff to bring an action within ninety days of receiving this letter. *See* 42 U.S.C. § 2000e-5(f)(1). Because state tolling and saving provisions are not applicable where Congress has provided a statute of limitation for a federal claim, the statute of limitations would bar Plaintiff's action were it dismissed and refiled. *See Brown v. Hartshorne Pub. Sch. Dist. 1*, 926 F.2d 959, 961 (10th Cir. 1991); *Espinoza*, 52 F.3d at 842. The Court considered this factor in granting the first permissive extension of time. [Doc. No. 14 at 2]. However, the Court finds that factor less persuasive now, particularly

given the fact that Plaintiff still has not provided the Court with any reason, factual or legal, to exercise the Court's discretion in favor of extending the time for service.  The Court advised Plaintiff in its June 10, 2020 Show Cause Order [Doc. No. 12] how to properly effect service, and forty-two days later, Plaintiff still has not effected proper service.

The Court has also considered the complexity of service and found that it is no longer a factor, given the Court's two previous orders [Doc. Nos. 12, 14] outlining the deficiencies in Plaintiff's service attempts.  Although *pro se*, Plaintiff is required to follow the same rules of procedure governing other litigants.  *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).  It is Plaintiff's responsibility to properly effect service, and the Court is limited in the direction it can provide.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[W]e do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.").  Accordingly, the Court finds that Plaintiff should not be given another permissive extension of time in order to serve Defendant, and that dismissal of Plaintiff's complaint without prejudice to refiling is warranted.

## CONCLUSION

Based on the foregoing, this action is dismissed without prejudice to refiling for failure to effect service of process within ninety days after filing the complaint, pursuant to FED. R. CIV. P. 4(i) and (m).

**IT IS SO ORDERED** this 23rd day of July 2020.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge